UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL REILLY,

            Plaintiff,

v.                                                      Case No:  2:15-cv-487-FtM-29CM

STATE OF FLORIDA,

            Defendant.

_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of a renewed Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 10), which the Court construes as a Motion to Proceed *In Forma Pauperis*.  In accordance with 28 U.S.C. § 1915, the undersigned must first determine that Plaintiff meets the requirements of indigency and then conduct a sufficiency review of the amended complaint (Doc. 9). For the reasons stated herein, the Court recommends that Plaintiff's amended complaint be dismissed.

### I.    Indigency

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.

only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  A person need not be "absolutely destitute" or reduce himself to a public charge in order to proceed *in forma pauperis*; rather "an affidavit will be held sufficient if it represents that the litigant, because of [his] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [himself] and [his] dependents." *Id.*

Here, upon review of Plaintiff's Application, he appears to qualify to proceed without the prepayment of costs in this matter.  Plaintiff states that he is unemployed and receives $776.00 per month in Social Security Income.  Doc. 10 at 1.  He does not list any other income or assets.  Plaintiff asserts that he pays $400.00 in rent and has "other cost of living [sic] food medical etc." *Id.* at 2.  Thus, Plaintiff appears to meet the indigency requirements of 28 U.S.C. § 1915.

## II.   Background

Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff filed a complaint with this Court on November 30, 2015.  Doc. 1.  Simultaneous with the complaint, Plaintiff filed an Application of Indigency (Doc. 2), which the Court construed as a motion to proceed *in forma pauperis*.  Pursuant to 28 U.S.C. §1915(e)(2), the Court reviewed the complaint to determine whether it was subject to

*sua sponte* dismissal.  Doc. 8.  The Court found that Plaintiff's complaint suffered from several pleading deficiencies, and provided him until February 1, 2016 to submit an amended complaint and a renewed affidavit of indigency.  Doc. 8 at 8.  On January 8, 2016, Plaintiff filed an amended complaint.

Plaintiff's amended complaint is substantially similar to his initial complaint, and fails to cure the deficiencies outlined by the Court in its December 31, 2015 Order. *Compare* Docs. 1 and 9.  The amended complaint challenges the constitutionality of section 843.02, Florida Statutes, which reads

> Whoever shall resist, obstruct, or oppose any officer . . . or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person or the officer, shall be guilty of a misdemeanor of the first degree.

Fla. Stat. § 843.02.  Plaintiff alleges that the statute is facially unconstitutional because it "is unconstitutionally overbroad an [*sic*] arbitrary an [*sic*] attempts to allow the police etc. to regulate spoken words or criminalize free speech in violation of amendment 1 & 14."  Doc. 9 at 1.  Plaintiff further alleges that the phrase "resist, obstruct, or oppose" in the statute is "left to the determination of the officer and is therefore arbitrary and can be applied to spoken words etc."  *Id.*  Additionally, Plaintiff states that the word phrase "without offering or doing violence" is "clearly interpreted in this statute as allowing the officer to criminalize free speech the spoken word or anything that the officer felt was obstructing him or her."  *Id.*

As a threshold matter, the undersigned will discuss whether this Court has jurisdiction to entertain the claims that Plaintiff raises.  *Steel Co. v. Citizens for a*

*Better Env't,* 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.').

## III.   Jurisdiction

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bischoff v. Osceola Cty., Fla.,* 222 F.3d 874, 878 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999)).  As the Supreme Court has stated, "[t]he federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines."   *United States v. Hays,* 515 U.S. 737, 742 (1995) (citation omitted) (internal quotations and citation omitted).  "[T]he district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood,* 327 U.S. 678, 681 (1946). Thereafter, "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . .  must entertain the suit." *Id.* at 681-82.  Those exceptions are that a lawsuit "may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* at 613.

Because of Plaintiff's allegations, the Court construes Plaintiff's amended complaint as essentially a facial attack on the constitutionality of section 843.02, Florida Statutes, as vague and overbroad.   Regarding Plaintiff's claim that the statute is unconstitutionally vague, the Court finds this claim is frivolous.  A lawsuit is deemed frivolous when the plaintiff's "realistic chances of ultimate success are slight." *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).   The Supreme Court has cautioned, however, that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In *Grayned v. City of Rockford,* 408 U.S. 104 (1972), the Supreme Court set forth the standard for evaluating vagueness.  First, "laws [must] give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly."   *Id.* at 108.   Second, "if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them."   The Court explained, "[a] vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Id.*  Third, where basic First Amendment freedoms are involved, a vague statute can "inhibit the exercise of [those] freedoms," leading citizens to "steer far wider of the unlawful zone . . . than if the boundaries of the forbidden areas were clearly marked." *Id.* at 109. (internal quotations and citations omitted).

In *Dreske v. Holt,* 536 F.2d 105 (5th Cir. 1976), *cert. denied*, 429 U.S. 1061 (1977),[2] the Fifth Circuit entertained "several constitutional challenges to section 843.02," and, using the standard set out in *Grayned,* held that the statute is not facially unconstitutional.  The court explained, "[u]nder the principles enunciated by the Supreme Court, the statute provides a person of ordinary intelligence with fair notice of the prohibited conduct." *Id.* (citing *Grayned*, 408 U.S. 104 (1972); *Colten v. Kentucky,* 407 U.S. 104 (1972)).  Thus, the constitutionality of section 843.02 has already been upheld, and the statute is not impermissibly vague. *See also State v. Parish,* 509 So. 2d 1365, 1366 (Fla. Dist. Ct. App. 1987) (citing *Dreske* and noting that "section 843.02, Florida Statutes (1985) . . . has been has been held constitutional," and "[t]he officer there is given discretion to determine just what constitutes obstruction or opposition to arrest.").  Accordingly, Plaintiff's claim that section 843.02 is unconstitutionally vague is frivolous. *See Clark*, 915 F.2d at 639; *Neitzke,* 490 U.S. at 327.  "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel,* 523 U.S. at 89.  Based on the foregoing, the Court respectfully recommends that Plaintiff's claim that section 843.02 is unconstitutionally vague is clearly foreclosed by a prior decision of this

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

circuit, and therefore frivolous.  This claim is due to be dismissed with prejudice.  *See Steel,* 523 U.S. at 89.

Regarding Plaintiff's claim that the statute is unconstitutionally overbroad, it is the Court's recommendation that Plaintiff lacks standing to bring this claim. Article III of the United States Constitution limits the Court's jurisdiction to cases or controversies, *Clapper v. Amnesty Intl. USA*, 133 S. Ct. 1138, 1146 (2013), and requires that there be a case or controversy at all stages of the litigation.  *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013).  Standing requires that: (1) the plaintiff suffer an actual or imminent injury that is "'concrete and particularized'" and not "'conjectural or hypothetical,'" (2) the injury be "fairly traceable" to the defendant's conduct, and (3) a favorable decision would redress the plaintiff's injury. *Northeastern Fla. Chapter, Associated Gen. Contractors of America v. City of Jacksonville*, 508 U.S. 656, 663-64 (1993) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

The Supreme Court has altered the standing requirement "to permit – in the First Amendment area – attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity." *Broadrick v. Oklahoma,* 413 U.S. 601, 612 (1973).  This is so "because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression."  *Id.*  Even under this more lenient standing requirement, however, "it still remains the law that plaintiffs

must establish that they have suffered some *injury in fact* as a result of the defendant's actions." *Bischoff*, 222 F.3d at 884 (citing *Virginia v. American Booksellers Assoc. Inc.,* 484 U.S. 383, 392 (1988); *Sec'y of State of Md. v. Joseph H. Munson Co.,* 467 U.S. 947, 956, 958 (1984); *Nat'l Council for Improved Health v. Shalala,* 122 F.3d 878, 882 (10th Cir. 1997); *Bordell v. Gen. Elec. Co.,* 922 F.2d 1057, 1061 (2d Cir. 1991). As the Supreme Court has stated, "in order to have standing, an individual must present more than '(a)llegations of a subjective 'chill'.' There must be a 'claim of specific present objective harm or a threat of specific future harm.'" *Bigelow v. Virginia,* 421 U.S. 809, 816-17 (1975) (citing *Laird v. Tatum,* 408 U.S. 1, 13-14 (1972)). Plaintiff's amended complaint alleges that he "or others not party to suit could suffer injury via the enforcement of the statute in the future." Doc. 9 at 1. This is insufficient injury in fact to establish standing. *See e.g., Jacobs v. The Florida Bar,* 50 F.3d 901, 904 (11th Cir. 1995) (noting that a plaintiff may establish standing alleging "that either (1) he was threatened with prosecution; (2) prosecution is likely; or (3) there is a credible threat of prosecution.").

Moreover, the lenient standing requirement has been entertained in limited circumstances, such as: (1) cases involving statutes that are seeking to regulate *only* spoken words, (2) situations "where the Court thought rights of association were ensnared in statutes which, by their broad sweep, might result in burdening innocent associations," (3) situations where statutes regulate the "time, place, and manner of expressive or communicative conduct," and (4) "where such conduct has required official approval under laws that delegated standardless discretionary power to local

functionaries, resulting in virtually unreviewable prior restraints on First Amendment rights." *Broadrick,* 413 U.S. at 612-13 (internal citations omitted).

Plaintiff's amended complaint does not fall within any of these limited exceptions. He alleges that the statute "criminalizes free speech;" however, section 843.02 does not regulate "*only* spoken words." *Broadrick,* 413 U.S. at 612. When entertaining claims that a statute is overbroad, federal courts will consider the state law as it has been construed by any state court. *See e.g., Wainwright v. Stone,* 414 U.S. 21, 22 (1973) ("The judgment of federal courts as to the vagueness or not of a state statute must be made in the light of prior state constructions of the statute."); *Ward v. Illinois,* 431 U.S. 767, 774-77 (1977) (giving deference to the Illinois Supreme Court's construction of an obscenity statute). Florida courts that have entertained whether section 843.02 violates the federal constitution have held that the statute encompasses both speech and conduct. *Wilkerson v. State,* 556 So. 2d 453, 456 (Fla. Dist. Ct. App. 1990); *Goffin v. State,* 560 So. 2d 421, 422 (Fla. Dist. Ct. App. 1990). For example, the *Wilkerson* court analyzed whether the statute may be given a limiting construction that avoids an overbreadth deficiency. *Id.* at 456. The court noted,

> The statute uses only two operative words, i.e., "obstruct or oppose" an officer. The word "obstruct" means "to interfere with, impede, or retard," American Heritage Dictionary of the English Language, p. 907 (1979 ed.), and in this sense contemplates acts or conduct apart from verbal expressions, which operate to physically hinder or impede another in doing something. The word "oppose" has a broader definition, i.e., (1) "To be in contention or conflict with; combat; resist: *oppose the enemy force*"; and (2) "To be against; be hostile to: *oppose new ideas.*" *Id.* at 922. Thus, the word "oppose" can be used to connote either (1) conduct or acts of physical resistance and opposition, or (2) verbal expression of conflicting

> or differing ideas; but obviously its use in the first sense does not connote the second sense. We have no doubt that the use of "oppose" in conjunction with "obstruct" manifests a clear and unambiguous legislative intent to proscribe only acts or conduct that operate to physically oppose an officer in the performance of lawful duties.

*Id.* at 455-56. The court then concluded "[a]lthough a person's speech may at times be implicated incidentally in the enforcement of this statute, its plainly legitimate sweep is to reach conduct that physically obstructs or opposes an officer in the performance of lawful duties." *Id.* at 456. Accordingly, because the statute is aimed at regulating conduct that physically obstructs or opposes an officer in the performance of lawful duties, Plaintiff lacks standing to bring this lawsuit.[3] Accordingly, a dismissal without prejudice of this claim is appropriate. *See Campbell v. Air Jamaica Ltd.,* 760 F.3d 1165, 1169 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 759, 190 (2014). If the Court decides to exercise jurisdiction, then, as discussed below, dismissal on the merits also would be appropriate. Accordingly, in the alternative, the undersigned has reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

### IV. Sufficiency of the Complaint

#### a) *The Amended Complaint Fails to Comply with Federal Rules of Civil Procedure*

First, Plaintiff's amended complaint is not signed. Pursuant to Federal Rule of Civil Procedure 11(a), "[e]very pleading, written motion, and other paper must be

---

[3] Since *Wilkerson,* the statute has been amended to include an additional operative word, "resist." *See* Law Enforcement Officers, 1988 Fla. Sess. Law Serv. 88-373 (West). The amendment, however, only adds this operative word, and does not replace the words "obstruct or oppose." The amendment, therefore, does not change the analysis of *Wilkerson* that the statute encompasses both speech and conduct.

signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."  Plaintiff's unsigned complaint does not comply with Rule 11(a).  Although the Court must strike such pleading, because a signed pleading would be futile, for the reasons discussed in this Report and Recommendation, the court recommends that this action be dismissed entirely. Second, Rule 8(a) requires that a pleading set forth a claim of relief and contain a short and plain statement in which the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  As will be discussed in more detail below, Plaintiff's amended complaint is devoid of factual allegations.  Third, Federal Rule 10(b) requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded upon on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b).  Despite the Court's instruction to Plaintiff to amend his complaint to comply with this rule (Doc. 8 at 4, 8), the amended complaint is not organized in numbered paragraphs, as required by Rule 10(b).

*b)*   *Plaintiff's Amended Complaint Fails to State a Claim for Which Relief May be Granted*

In determining whether a complaint "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  *Id.* (quotations and citation omitted).  Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Using this standard, the Court applies a two-step approach to determine whether a case should be dismissed under Rule 12(b)(6).  See *Holloman v. Burger King Rest.*, No. 3:13-cv-1138-J-39PDB, 2014 WL 1328922, at *3 (M.D. Fla. Apr. 2, 2014).  As the *Holloman* court aptly described, "[a]t the first step, the court identifies and excludes 'pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Id.* (citing *Iqbal*, 556 U.S. at 679). Next, the court determines whether any of the well-pleaded facts plausibly give rise to an entitlement to relief.  *Id.* (citing *Iqbal*, 556 U.S. at 679)  However, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

(citing *Twombly*, 550 U.S. at 555).

In its earlier Order, the Court warned Plaintiff that his complaint "fails to allege sufficient facts to support his conclusory allegation that 'F.S. 843.02 is unconstitutionally overbroad an [*sic*] arbitrary in violation of U.S. Constitution amendment 1 & 14.'" Doc. 8 at 5. The initial complaint merely stated "[t]he word phrase or term: 'without offering or doing violence" is clearly interpreted as legislative intent to criminalize protected free speech. The question of law for the court to determine is the word phrase: 'without offering or doing violence' [t]o (sic) broad and arbitrary for the 1st and 14th amendment of the U.S. constitution." Doc. 1.

As noted earlier, Plaintiff's amended complaint is substantially similar. The amended complaint alleges that the statute "is unconstitutionally overbroad an [*sic*] arbitrary an [*sic*] attempts to allow the police etc. to regulate spoken words or criminalize free speech in violation of amendment 1 & 14." Doc. 9 at 1. Plaintiff further alleges that the phrase "resist, obstruct, or oppose" in the statute is "left to the determination of the officer and is therefore arbitrary and can be applied to spoken words etc." *Id.* Additionally, Plaintiff alleges that the word phrase "without offering or doing violence" is "clearly interpreted in this statute as allowing the officer to criminalize free speech the spoken word or anything that the officer felt was obstructing him or her." *Id.* Applying the two-step process, the Court is left to exclude each of these statements as conclusory. *See Holloman,* 2014 WL 1328922, at *3. Excluding these conclusory statements, the amended complaint is completely devoid of any facts to plausibly give rise to an entitlement to relief. *Id.* Accordingly,

Plaintiff's complaint fails to state a claim for which relief may be granted, and is due to be dismissed.

c) *Plaintiff's Amended Complaint Seeks Monetary Relief from a Defendant Who is Immune from Such Relief*

Plaintiff's amended complaint seeks $2,000,000.00 in punitive damages "to discourage future legislative intent to criminalize free speech the spoken word." Doc. 9 at 2. The Eleventh Amendment provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Amendment not only bars suits against a state by citizens of another state, but also applies equally to suits against a state initiated by that state's own citizens." *Summit Med. Assocs., P.C. v. Pryor,* 180 F.3d 1326, 1336 (11th Cir. 1999), *cert. denied,* 529 U.S. 1012 (2000). The Plaintiff states "F.S. 961.06 waives such immunity and [*sic*] allows damages of $50.00 per year of false imprisonment not to exceed $2,000,000 total." Doc. 9 at 2. Section 961.06, Florida Statutes, however, applies to compensation for wrongful incarceration and has no relation to this claim.

## IV.   Conclusion

Because Plaintiff's amended complaint asserts a claim that section 843.02 is vague, which the Court finds to be foreclosed by a prior decision of this circuit, this claim is due to be dismissed with prejudice. Because Plaintiff lacks standing to bring a claim that section 843.02 is overbroad, this claim is due to be dismissed without prejudice. If the Court decides to exercise jurisdiction, then, as discussed herein,

dismissal with prejudice on the merits pursuant to 28 U.S.C. § 1915(e)(2) is recommended.

ACCORDINGLY, it is RESPECTFULLY

**RECOMMENDED:**

1.      The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 10) be **DENIED** and this matter be **DISMISSED**.

2.      The Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 25th day of July, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Pro se Plaintiff